IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| THERESA FRENIERE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:13-CV-657 |
| ) | |
| CAVALRY PORTFOLIO SERVICES, LLC, ) | Jury Trial Demanded |
| CAVALRY SPV I, LLC, ) | |
| VISION FINANCIAL CORP, and ) | |
| VAN RU CREDIT CORPORATION, ) | |
| ) | |
| Defendants ) | |

## COMPLAINT

### INTRODUCTION

1. This is an action for damages against the Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

### JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 (federal question jurisdiction).

3. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (hereafter referred to as "FDCPA") by Defendants, in their illegal efforts to collect a consumer debt.

4. Venue is proper in this District because the acts and transactions occurred here,

1

Defendants transact business here and Plaintiff resides here.

## PARTIES AND PERSONAL JURISDICTION

5. Plaintiff, Theresa Freniere (hereafter referred to as "Plaintiff" and/or "Ms. Freniere") is a resident of this State, District and Division who is authorized by law to bring this action.

6. Defendant, Cavalry Portfolio Services, LLC (hereafter referred to as "Defendant Cavalry"), is a "debt collector" as defined by 15 U.S.C. § 1692a(6), and a limited liability company organized in Delaware, with its principal office located at 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595-1340 and maintains CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, TN 37929-9710, as its registered agent for service of process.

7. Defendant, Cavalry SPV I, LLC (hereinafter referred to as "Defendant SPV") is a "debt collector" as defined by 15 U.S.C. § 1692a(6), and a limited liability company organized in Delaware, with its principal office located at 500 Summit Lake Drive, Suite 400, Vahalla, NY 10595-1340, and maintains CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, TN 37929-9710, as its registered agent for service of process.

8. Defendant, Vision Financial Corp. (hereafter referred to as "Defendant Vision"), is a "debt collector" as defined by 15 U.S.C. § 1692a(6), and a for-profit corporation organized in New York, with its principal office located at 11960 Westline Industrial Drive, Suite 330, Saint Louis, MO 63146-3209 and maintains CT Corporation System, 2908 Poston Avenue, Nashville, TN 37203-1312, as its registered agent for service of process.

9. Defendant, Van Ru Credit Corporation (hereafter referred to as "Defendant Van Ru"), is a "debt collector" as defined by 15 U.S.C. § 1692a(6), and a for-profit corporation organized in Illinois, with its principal office located at 1350 E. Touhy Avenue, Des Plaines, IL

60018 and maintains Albert G. Rubin, 1350 E. Touhy Avenue, Des Plaines, IL 60018, as its registered agent for service of process.

10. Other Defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTUAL ALLEGATIONS

11. Defendants allege Plaintiff incurred an obligation to pay money arising out of a transaction in which money, property, insurance or services which are the subject of the transaction are primarily for personal family or household purposes, a HSBC Bank Nevada, N.A. \ Orchard Bank, account numbered 5155990070118264 and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12. On April 9, 2012, Defendant Cavalry sent a collection letter to Ms. Freniere, on original account numbered 5155990070118264, demanding an outstanding balance of $438.81. A copy of the April 9, 2012 collection communication is attached hereto as Exhibit A and incorporated herein by reference.

13. Within a year prior to the filing of this Complaint, on or about November 26, 2012, Defendant Vision sent a collection letter dated November 26, 2012 to Ms. Freniere.

14. The November 26, 2012 collection letter from Defendant Vision was a "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2). A copy of the November 26, 2012 collection communication is attached hereto as Exhibit B and incorporated herein by reference.

15. The November 26, 2012 collection letter asserted:

> Cavalry SPV I, LLC has purchased your account and all rights to the debt receivable from HSBC Bank Nevada, N.A.\Orchard Bank. There is an outstanding balance due of $461.66 which has been listed for collection with Vision Financial Corp.

3

See attached Exhibit B.

    16.    The November 26, 2012 collection letter further asserts:

> Cavalry Portfolio Services has authorized Vision Financial Corp. to communicate to you an offer that will allow you to resolve this outstanding debt at this time.

See attached Exhibit B.

    17.    The November 26, 2012 collection letter further asserts:

> **Creditor:**     **Cavalry SPV I, LLC**
> **Account Balance:**     $461.66
> **Settlement:**     $286.23
> **Account #:**     14739505
> **Vision Account #:**     CPS1794950

See attached Exhibit B, (emphasis in original).

    18.    Thereafter, Ms. Freniere received a subsequent collection letter from Defendant Van Ru dated September 9, 2013. A copy of the September 9, 2013 collection communication is attached hereto as Exhibit C and incorporated herein by reference.

    19.    The September 9, 2013 collection letter from Defendant Van Ru was an additional "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

    20.    The September 9, 2013 collection letter asserts:

> Our client, Cavalry Portfolio Services, LLC. has placed your account with us for collection. Previous attempts have been made by our client to resolve this debt and as of this date, those attempts have not been successful.

See attached Exhibit C.

    21.    The September 9, 2013 collection letter further asserts:

> **Current Creditor:** Cavalry SPV I, LLC
> **Original Creditor:** HSBC Bank Nevada N.A.
> Original Acct #     ****************8264

4

        Principal                $400.92
        Interest                 $ 77.32
        Balance                $478.24

See attached Exhibit C. Emphasis in original correspondence.

22.    Plaintiff has made no payments to the above-referenced account since the April 9, 2012 collection correspondence.

23.    Sometime prior to November 26, 2012, Plaintiff's debt was consigned, assigned or otherwise claimed to be transferred to Defendant Vision, for collection from Plaintiff.

## CAUSES OF ACTION
## FIRST VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: UNFAIR PRACTICES

24.    The acts of Defendants constitute violations of the Fair Debt Collection Practices Act. Defendants' violations of the FDCPA include, but are not limited to, the collection of amounts neither expressly authorized by the agreement creating the debt nor permitted by law in a violation of 15 U.S.C. §1692f(1).

25.    The actual amount of the alleged debt is certainly in question. It is overly confusing as to what amount is owed on this account since the amount of $438.81 is demanded in the Defendant Cavalry's collection letter dated April 9, 2012; then the balance increases to $461.66 pursuant to Defendant Vision's collection letter dated November 26, 2012; then the balance increases to $478.24 pursuant to Defendant Van Ru's collection letter dated September 9, 2013.

26.    A simple understanding of accruing interest shows that the amounts demanded by Defendants are a result of Defendants' efforts to keep Ms. Freniere confused as to the amount owed since they are completely random and accrue incalculable rates of interest that are neither authorized in the agreement creating the debt nor permitted by law.

5

27. A calculation of the Defendant's demands of various balances on this account demonstrates interest accruing on the account at a rate of 8.022% based upon an annual percentage rate ("APR") from the April 9, 2012 collection letter demanding $438.81 to the November 26, 2012 collection letter demanding $461.66.

28. Ms. Freniere asserts that her interest rate on her HSBC Bank, N.A. account ending in 8264 was never 8.022% APR.

29. A calculation of the Defendant's demands of various balances on this account demonstrates interest accruing on the account at a rate of 4.488% based upon an annual percentage rate ("APR") from the November 26, 2012 collection letter demanding $461.66 to the September 9, 2013 collection letter demanding $478.24.

30. Ms. Freniere asserts that her interest rate on her HSBC Bank, N.A. account ending in 8264 was never 4.488% APR.

31. By demanding amounts that increase at a rate of interest which is inconsistent with the contractual rate of interest, Defendants have confused Ms. Freniere as to what amount of money she owes on this account.

32. Ms. Freniere asserts that the constantly changing balances demanded by Defendants demonstrate that the Defendants do not have actual knowledge of the correct amount owed on this account, if any.

33. Ms. Freniere asserts that the constantly changing balances demanded by Defendants demonstrate that the Defendant does not have actual knowledge of the correct amount of interest applicable to this account, if any.

34. Ms. Freniere further asserts that Defendants are attempting to keep her confused as to the amount owed, so that if she were to make payments on this account, she would never

know the actual amount owed, and instead would keep paying indefinitely on fees, interest, or other charges that were never legally owed by her.

35. Defendants' collection letters never assert that interest and/or fees are accruing or at what rate interest/fees are accruing, late charges and other charges may vary from day to day, and therefore even if she were to pay the full amount demanded of her, Defendants may still seek more from her in the future.

36. The collection letters from Defendants assert varying balances owed, and after calculating the time that had passed between the letters and the change in the amount demanded, it is obvious the interest and fees charged were not applied consistently and thus could not be in compliance with the original agreement creating the debt.

37. As a result of Defendants' actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

### SECOND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: THE USE OF FALSE, DECEPTIVE OR MISLEADING REPRESENTATIONS AS TO THE AMOUNT OF THE ALLEGED DEBT

38. The acts of Defendants constitute violations of the FDCPA. Violations by the Defendants of the FDCPA include, but are not limited to, the use of false, deceptive or misleading representations in connection with the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A).

39. Each and every letter from Defendants demand a different amount from the Plaintiff.

40. As more fully described in the first cause of action *supra*, a calculation of the time between the Defendants' collection letters and the amounts sought shows that each and every collection effort has accrued a different amount of interest, and none of them applied the

contractual rate of interest or an amount permissible by applicable law.

41. By assigning different account balances and interest rates to the same account, none of which are the applicable contract rate of interest, Defendants have confused Ms. Freniere as to what amount of money is owed on this account.

42. Ms. Freniere is confused as to who is owed and what amount on this account since the Plaintiff has received various collection letters with varying balances and non-contractual interest rates applied.

43. As a result of Defendants' actions, Plaintiff is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

### *RESPONDEAT SUPERIOR LIABILITY*

44. The acts and omissions of this individual Defendants, and other debt collectors employed as agents by Defendant Cavalry, who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Cavalry.

45. The acts and omissions by the Defendants and other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Cavalry in collecting consumer debts.

46. By committing these acts and omissions against Plaintiff, the individual Defendants and other debt collectors were motivated to benefit their principal, Defendant Cavalry.

47. Defendant Cavalry is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in

violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

48. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT(S) AND IN FAVOR OF PLAINTIFF AS FOLLOWS:

a) That Plaintiff be awarded actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at a trial by a jury;

b) That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

c) That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

d) That the Court declare all defenses raised by Defendant(s) to be insufficient; and

e) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted this the 1st day of November, 2013.

THERESA FRENIERE

BY: /s/ Brent Travis Strunk
Brent Travis Strunk (BPR 023050)
Attorney for Plaintiff

Brackett and Strunk, PLLC
1104 Merchants Drive, Suite 101
Knoxville, TN 37912
865/ 688-0868
(f) 865/ 688-2950
consumerbk@comcast.net